**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **09-00046-hb**

# SUPPLEMENTAL ORDER

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/26/2010**



*signature*
US Bankruptcy Judge
District of South Carolina

Entered: 10/27/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Scuddy Bruce Moore,<br><br>Debtor(s). | C/A No. 09-00046-HB<br><br>Chapter 7<br><br>**SUPPLEMENTAL ORDER REGARDING CLAIM OF RICH MORAN** |

This matter came before the Court pursuant to the Trustee's objection to the claim of Rich Moran, filed as a priority claim in the amount of $26,000.00. The Court entered an Order sustaining the Trustee's objection to this and two other claims. This Order supplements that prior Order.

Moran filed a proof of claim with the Court and the Trustee filed a timely objection thereto. The claim and the proffer of evidence and arguments made at the hearing indicate that Moran provided a certified check payable to Bruce Moore for $26,000.00 dated January 5, 2009. This check was apparently used by Moore to pay a $25,000.00 retainer to Robert Cooper, Esquire to represent Moore in this bankruptcy case and to fund $1,000.00 of the $1,039.00 filing fee. The bankruptcy case was electronically filed on January 5, 2009, at 10:58 a.m. per the Court's records. The Disclosure of Attorney Compensation filed with that petition states that the attorney in question received the retainer prior to filing the bankruptcy case. Moran claims that the $26,000.00 is an actual and necessary expense of preserving the estate pursuant to 11 U.S.C. § 503(b) and is entitled to priority under § 507(a)(2) because the funds were used by Moore for his attorney's retainer and without these funds the bankruptcy would not have been possible.

Based on the evidence before the Court, it appears that Moran loaned $26,000.00 to Moore. Moore likely used these funds to pay the attorney's retainer in this matter and initiate this bankruptcy case. The Court requested additional authorities from counsel for Moran to support the assertion that the claim is entitled to priority, but none were submitted. After a review of § 503(b) the Court cannot find support for the claimant's position that this is anything more than an unsecured loan from Moran to Moore.

Therefore, pursuant to the plain language of § 503(b), the loan from Moran to Moore does not constitute an administrative expense and, thus, is not entitled to priority under § 507(a)(2). The Trustee's Objection to the claim or Rich Moran is sustained. The claim is allowed in the amount of $26,000 as a general unsecured claim.

**AND IT IS SO ORDERED.**